Dear Mr. Miller:
This letter is in response to your request for an opinion asking whether or not a plea of guilty in person or in writing constitutes a "confession" as referred to in § 57.290.1, as amended by House Bill No. 148, 80th General Assembly, which provides for a $2.00 sheriff's fee for every trial in a criminal case or confession. The written plea to which you refer is that provided for in uniform traffic ticket cases pursuant to Supreme Court Rule 37.1162. You also stated in a telephone conversation that the sheriff is actually present in court when the written pleas under Rule 37.1162 are submitted to the court.
We enclose four previous opinions issued by this office, listed below, which are self-explanatory. As can be seen, it has been the view of this office that a plea of guilty is the same as a "confession" so that if the sheriff is officially present in court at the time the defendant enters a plea of guilty, the $2.00 fee would be chargeable. It is also clear from these opinions that if the sheriff is not present in court, such a fee cannot be charged.
Further, it is our view that the fee should be charged for a written plea of guilty, pursuant to a uniform traffic ticket signed by the prosecutor, which is taken by the court when the sheriff is officially present. This fee is collected on behalf of the county. § 57.410, RSMo.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosures Att'y Gen. Op. No. 35, Grossenheider, 4/21/55 Att'y Gen. Op. No. 24, Downs, 2/18/52 Att'y Gen. Op. No. 99, Wright, 1/3/51 Att'y Gen. Op. No. 39, Herren, 8/13/47